United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTIAN RODULFO PERAFAN OME,
Petitioner,

v.

SERGIO ALBARRAN, et al.,
Respondents.

Case No. 3:26-cv-07855

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 3

Petitioner Christian Rodulfo Perafan Ome moves the Court *ex parte* for a temporary restraining order that would, among other things, require his immediate release from ongoing detention by agents of Immigration and Customs Enforcement ("ICE") and prohibit ICE from re-arresting him without the Court's authorization. For the reasons set forth below, the Court grants the requested order in part. The Court orders respondents to release petitioner from ongoing detention. Rather than require an order from this Court to authorize his re-detention, the Court orders that respondents shall not re-arrest or otherwise re-detain petitioner without first providing her with a pre-detention bond hearing before an immigration judge at which the government establishes by clear and convincing evidence that his detention is necessary to prevent his flight or to protect the public.

**BACKGROUND**

The evidence before the Court establishes that petitioner, a non-citizen and native of Colombia, entered the United States on April 28, 2022. Dkt. No. 3-1 ¶ 1. After briefly detaining petitioner at the border in Texas, ICE agents released him into the country on humanitarian parole under Section 212(d)(5) of the INA, *id.*, and did not issue Perafan Ome a notice to appear in immigration court, *id.* ¶ 3. For four years, petitioner has resided in the United States. *Id.* ¶ 4.

Perafan Ome explains that he "desperately wanted to obtain asylum in this country due to the persecution he suffered as a gay man in Colombia." *Id.* ¶ 3. Since his release in 2022, Perafan Ome settled in Bay Point, California, where he lives with his partner and works at a restaurant. *Id.* ¶ 4. He has no criminal record. *Id*. Perafan Ome filed an application for asylum on September 29, 2022. *Id.* ¶ 3.

On July 14, 2026, Perafan Ome received a notice from ICE requiring him to attend a credible fear interview on July 27, 2026. *Id.* ¶ 5. On July 27, Perafan Ome went to the ICE office in San Francisco at 630 Sansome Street where he attended his credible fear interview over the phone with an asylum officer in New York. *Id.* ¶ 6. After his interview, Perafan Ome was told to return the next day. *Id.* The next day, July 28, petitioner returned to 630 Sansome Street wherein ICE officers arrested him and informed him that he would be placed in expedited removal because he had received a negative outcome in his credible fear interview. *Id.* ¶ 7. Petitioner requested a review by an immigration judge, which was scheduled for August 3, 2026, at Concord Immigration Court. *See id.* ¶ 9. Petitioner is currently being held at ICE's San Francisco field office at 630 Sansome Street. *See id.* ¶ 2.

Petitioner, with representation of counsel, filed a petition for a writ of habeas corpus and *ex parte* motion for a temporary restraining order on July 28, 2026. He contends that his arrest and detention violates the Due Process Clause of the Fifth Amendment, both substantively (because respondents allegedly have no valid interest in detaining petitioner) and procedurally (because respondents have not or would not provide pre-detention bond hearings). The respondents are Sergio Albarran, Director of ICE's San Francisco Field Office; Todd M. Lyons, Acting Director of ICE; Secretary of Homeland Security Markwayne Mullin; and Acting Attorney General Todd Blanche. Petition ¶¶ 15–18.

**LEGAL STANDARDS**

The standard for issuing a temporary restraining order is largely identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Petitioners seeking such relief must establish that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3)

United States District Court
Northern District of California

"the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor and the other two *Winter* factors are satisfied.'" *All. for the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)). "Where, as here, the party opposing injunctive relief is a government entity, the third and fourth factors—the balance of equities and the public interest—merge." *Hubbard v. City of San Diego*, 139 F.4th 843, 854 (9th Cir. 2025) (citation modified).

Although the substantive standards for both motions are similar, the timeframe for a temporary restraining order is different. While a preliminary injunction remains in effect pending final resolution of the litigation, "a TRO 'should be restricted to … preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

Federal Rule of Civil Procedure 65(b)(1) allows a temporary restraining order to be issued without notice to the opposing party—i.e., *ex parte*—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

**ANALYSIS**

As an initial matter, petitioner has satisfied the requirements for issuance of an *ex parte* order. The affidavit of petitioner's counsel demonstrates that petitioner will suffer immediate and irreparable injury, loss, or damage by virtue of his continued detention before respondents can be heard in opposition. Counsel for respondents has already entered an appearance in this action, such that respondents have electronic access to (and notice of) his habeas petition and *ex parte* application and shall receive electronic notice of this order.

With respect to the showing required to justify petitioner's requested relief, he has demonstrated a likelihood of success on the merits of his claim that his ongoing detention violates his procedural due process rights under the Due Process Clause of the Fifth Amendment. For the reasons explained in far greater detail in *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025), a noncitizen like petitioner who was conditionally released into the United States has a significant liberty interest in remaining out of immigration custody. *Id.* at *5.[1] The statutory procedures potentially available to petitioner do not satisfy that constitutional mandate. Even assuming that petitioner will receive a post-arrest bond hearing before an immigration judge, there remains a substantial risk that the government is erroneously depriving him of his liberty in the meantime, as the available record suggests that petitioner is neither a flight risk nor a danger to the public *See id.* at 1088–90; *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (explaining that these are the constitutionally permissible bases for civil immigration detention under the INA). Given the apparent lack of a valid basis on which to detain petitioner and the limited cost of providing a custody hearing in immigration court, the government has at most a minimal countervailing interest in his continued detention. *See Pablo Sequen*, 806 F. Supp. 3d at 1090; *Garro Pinchi v. Noem*, 792 F.Supp.3d 1025, 1036 (N.D. Cal. 2025). Taken together, the strength of petitioner's liberty interest, the high likelihood of erroneous deprivation, and the government's minimal countervailing interest demonstrate that petitioner is likely to succeed on the merits of his procedural due-process claim. *See Pablo Sequen*, 806 F. Supp. 3d at 1090; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Petitioner has also demonstrated a likelihood of irreparable injury in the absence of temporary relief due to his ongoing and likely unconstitutional deprivation of liberty. "The loss or

---

[1] Because petitioner is "challenging their detention[], not the processes by which applications for admission [into the United States] are decided, … the cases limiting the due process rights of noncitizens to challenge how applications for admission are decided are inapplicable." *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 933 (N.D. Cal. 2025). Even if petitioner were challenging such processes, the Fifth Amendment would still entitle him to due-process protections because he has resided in the United States for four years—certainly long enough to "begin[] to develop … ties" and become "a part of our population." *Pablo Sequen*, 806 F. Supp. 3d at 1084 (first quoting *Landon v. Plasencia*, 459 U.S. 21, 32–33 (1982); and then quoting *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903)).

United States District Court
Northern District of California

threatened infringement upon [constitutional] rights for even minimal periods of time unquestionably constitutes irreparable injury." *Cuviello v. City of Vallejo*, 944 F.3d 816, 832 (9th Cir. 2019) (citation modified). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) (citation modified). "[I]t follows inexorably from [the Court's] conclusion" that petitioner "will likely be deprived of [his] physical liberty unconstitutionally in the absence of the injunction ... that [he] ha[s] also carried [his] burden as to irreparable harm." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

The final two *Winter* factors, the balance of the equities and public interest, merge because the government is the opposing party. These factors also weigh heavily in favor of granting a temporary restraining order. "Because public interest concerns are implicated when a constitutional right has been violated, all citizens have a stake in upholding the Constitution, meaning it is always in the public interest to prevent the violation of a party's constitutional rights." *Baird*, 81 F.4th at 1042 (citation modified). Further, "the Ninth Circuit has recognized that 'the costs to the public of immigration detention are staggering.'" *Jorge M. F. v. Wilkinson*, No. 21-CV-01434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (citation modified) (quoting *Hernandez*, 872 F.3d at 996). And where petitioner is suffering irreparable harm while in detention, the potential harm to the government—at worst, a short delay in detaining petitioner until it makes the requisite showing of necessity before a neutral decisionmaker—is minimal. *See id.* at *3; *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). In any case, enjoining the government from constitutional violations does not impose harm "in any legally cognizable sense." *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

Finally, petitioner's immediate release is required to return him to the status quo. The "status quo" refers to the state of the parties' relationship "before the action challenged in the complaint occurred." *Youth 71Five Ministries v. Williams*, 160 F.4th 964, 978 (9th Cir. 2025). Here, that is the moment prior to petitioner's likely illegal detention. *See Pablo Sequen v. Kaiser*, 800 F. Supp. 3d 998, 1008 n.2 (N.D. Cal. 2025).

Because petitioner satisfies all of the requirements for temporary injunctive relief and such

relief is necessary to restore the status quo, the motion for a temporary restraining order is granted. *See Pablo Sequen v. Kaiser*, 793 F. Supp. 3d 1114, 1120 (N.D. Cal. 2025) (collecting similar cases). And because "there is no realistic likelihood of harm to the [respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003), no security is needed to ensure that respondents will be reimbursed for "costs and damages sustained by … hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. *Jorgensen*, 320 F.3d at 919.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion for a temporary restraining order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter. Respondents are **ORDERED** to immediately release petitioner from custody and are **ENJOINED AND RESTRAINED** from re-detaining petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which the government establishes by clear and convincing evidence that petitioner's detention is necessary to prevent his flight or to protect the public. Should respondents choose to conduct such a hearing, respondents are **ORDERED** to provide petitioner with reasonable advance notice of the time and place of the hearing.

This Order shall remain in effect until August 11, 2026. The Amended Complaint and Petition for Writ of Habeas Corpus [Dkt. No. 1], Motion for Temporary Restraining Order [Dkt. No. 3], and this Order **SHALL** be served on respondents such that they receive actual notice as soon as possible. Petitioners shall file proof of service or a status report by no later than July 29, 2026, at 5:00pm. Respondents shall provide a status report confirming petitioner's release by no later than July 29, 2026, at 5:00pm.

Respondents are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue in favor of petitioner. The hearing will be held in the courtroom of the assigned Judge, or as otherwise ordered by that Judge, on August 10, 2026. Respondents shall file a response to petitioner's motion by no later than July 31, 2026. Any reply shall be filed by August 6, 2026.

**IT IS SO ORDERED.**

Dated: July 28, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California