UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN RODULFO PERAFAN OME,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | Case No. 26-cv-07855-VC<br>**ORDER AMENDING PRELIMINARY INJUNCTION**<br>Re: Dkt. Nos. 16, 19 |

Given the current state of the case law, the petitioner has raised serious questions going to the merits of his claim that the respondents lack the statutory authority to place him in expedited removal, as well as serious questions going to the Court's jurisdiction to hear the claim. *See de Jesus Santos v. Mullin*, 2026 WL 2390130 (D. Mass. Aug. 17, 2026); *see also Singh v. U.S. Department of Homeland Security*, 2026 WL 323329 (N.D. Cal. Feb. 6, 2026); *Garcha v. U.S. Department of Homeland Security*, 2026 WL 747457 (N.D. Cal. Mar. 17, 2026). And the remaining three *Winter* factors cut sharply in favor of the petitioner. *See Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).

Accordingly, this order amends the preliminary injunction to specify that the respondents are enjoined, while this case is pending, from detaining the petitioner for the purpose of pursuing expedited removal, including to execute a final order of removal issued pursuant to the respondents' expedited-removal authority. The respondents may not detain the petitioner in connection with regular removal proceedings without providing a pre-detention hearing at which the respondents must prove by clear and convincing evidence that circumstances have changed

since the petitioner's original release such that he is now a flight risk or a danger to the community.[1]

**IT IS SO ORDERED.**

Dated: September 16, 2026

VINCE CHHABRIA
United States District Judge

[1] Given the existing preliminary injunction in this case, the petitioner's motion for a temporary restraining order is construed as a motion to amend the preliminary injunction. *See* Dkt. Nos. 16, 19.